UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS LOCAL 324 PENSION FUND, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:08-cv-418 |
| v. | ) ) | Honorable Joseph G. Scoville |
| ELAINE ANN DAVIS, | ) ) | **MEMORANDUM OPINION** |
| Defendant. | ) ) ) | |

This is a civil action brought by Trustees of the Operating Engineers Local 324 Pension Fund (Trustees) against Elaine Ann Davis under the Employment Retirement Income Security Act of 1974 (ERISA) to recover a $20,000 death benefit erroneously paid by plaintiff to defendant following the death of Kent H. Stadig.  The parties voluntarily consented to have a United States magistrate judge conduct any and all proceedings in this case, including entry of final judgment.  (docket # 13).

The matter is before the court on plaintiffs' September 9, 2008 motion for summary judgment.  (docket # 15).  On September 10, 2008, the court entered an order notifying defendant of her opportunity to file affidavits, documents, or other materials in opposition to plaintiffs' motion on or before October 8, 2008.  (docket # 16).  Defendant elected not to file a response.  For the reasons set forth herein, plaintiffs' motion for summary judgment will be granted and judgment will be entered against plaintiff in the amount of $20,000.

**Applicable Standards**

A.  **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *S.S. v. Eastern Ky. Univ.*, 532 F.3d 455, 452 (6th Cir. 2008). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where, however, a moving party with the burden of proof seeks summary judgment, he faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel*

*v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). As shown above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000))*; Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). This higher standard applies in the present case because plaintiffs have the burden of proof.

**Facts**

The following facts are beyond genuine issue. Kent H. Stadig was an employee participant in the Operating Engineers Local 324 Pension Fund (the "Plan"). The Plan documents specify that it is to be administered by the Trustees. (Ex. B, Art. XIX at § 19.1).

Kent H. Stadig and Elaine Ann Davis were married in December 1986. (Ex. D).[1] On May 27, 1987, Kent H. Stadig completed a designation of beneficiary form naming his wife, Elaine A. Stadig, as his beneficiary. (Ex. C). On January 22, 1993, a judgment of divorce was entered in the Alger County Circuit Court dissolving the marriage. (Ex. E).

On November 15, 1999, Kent H. Stadig designated his son, Kent M. Stadig, as his beneficiary. (Ex. F). On November 22, 1999, Kent H. Stadig completed a second designation of beneficiary in favor of Kent M. Stadig. (Ex. F).

Kent H. Stadig died on November 23, 2006. On December 8, 2006, defendant filed an application for death benefits. Defendant's application for the death benefits misrepresented that she was the decedent's "wife," rather than his ex-wife. (Ex. G). The Plan gives the highest priority to the lump sum death benefit to the "spouse of the deceased Employee Participant on the date of his death." (Ex. A, Art. XI at § 11.2(a)). The designated beneficiary is second highest priority. (*Id.* at § 11.2(b)). The Plan is devoid of any provision for the payment of the death benefit to an ex-spouse. (*Id.* at § 11.2). On December 15, 2006, in reliance on defendant's representation that she was the spouse of the deceased employee participant on the date of his death, plaintiffs sent defendant a check in the amount of $20,000. (Ex. H). Defendant received and cashed this check. (Ex. N).

On July 7, 2007, Kent M. Stadig and Kim Stadig filed a lawsuit in Kalkaska County Circuit Court against Elaine A. Davis seeking to recover the $20,000. *Stadig v. Davis*, No. 07-9541-CZ. (Ex. I). Defendant filed a counterclaim asserting that the deceased had not paid her that to

---

[1] All exhibits cited are attached to plaintiffs' brief in support of the motion for summary judgment. (docket # 15).

which she was entitled under the judgment of divorce, and that during a telephone conversation in 2004 the Kent H. Stadig had stated that he wanted the her to be his beneficiary.

On February 27, 2008, Kent M. Stadig filed an application for the $20,000 in death benefits. (Ex. K). On April 3, 2008, plaintiff sent a check in the amount of $20,000 to Kent M. Stadig as the lump sum death benefit payable to him as the beneficiary of the deceased employee participant. (Ex. L).

On May 5, 2008, plaintiffs filed this lawsuit to recover the $20,000 erroneously paid to defendant. On May 8, 2008, a stipulated order dismissing the state-court lawsuit without prejudice was entered in Kalkaska County Circuit Court. (Ex. M).

## Discussion

This action for restitution of $20,000 in death benefits paid to the wrong person under an employee welfare benefits plan is governed by ERISA. The Supreme Court's recent decision in *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, No. 07-636, __ U.S. __, 2009 WL 160440, at * 8-11 (U.S. Jan. 26, 2009) reinforced the longstanding "plan documents rule" and reiterated the numerous reasons why it remains a bedrock principle of ERISA. "ERISA requires 'every employee benefit plan [to] be established pursuant to a written instrument,' 29 U.S.C. § 1102(a)(1), 'specifying the basis on which payments are made to and from the plan,' § 1102(b)(4)." 2009 WL 160440, at * 8. Under the plan documents rule, payments from the plan are to be made in accordance with the plan documents. *Id.* Here, the Plan documents do not provide for the payment of any death benefit payment to an ex-spouse. Plaintiffs erroneously paid defendant $20,000 because defendant had misrepresented that she was the person with the highest priority to

the death benefits under the Plan: "the spouse of the deceased Employee Participant on the date of his death." (Ex. A, Art. XI at § 11.2(a)).

The person with the next highest priority under the Plan documents is the designated beneficiary. (Ex. A, Art. XI at § 11.2(b)). Kent M. Stadig was the designated beneficiary entitled to the $20,000 under the Plan documents, because the participant's most recent designation of beneficiary controls. *See Metropolitan Life Ins. Co. v. Biggs*, 68 F. App'x 644 (6th Cir. 2003); *Metropolitan Life Ins Co. v. Austin*, No. 1:05-cv-123, 2006 WL 963264, at * 1 (E.D. Tenn. Apr. 12, 2006); *see also Ruiz v. Prudential Ins. Co. of Am.*, No. 4:07-cv-29-BE, 2008 WL 3823257, at * 3 (N.D. Tex. Aug. 14, 2008).

Plaintiffs are fiduciaries authorized to bring an equitable action for restitution to the Plan of the $20,000 in Plan assets erroneously paid to defendant based on defendant's misrepresentation that she was the spouse of the employee participant on the date of his death. 29 U.S.C. § 1132(a)(3)(B); *see Sereboff v. MidAtlantic Med. Servs., Inc.*, 547 U.S. 356, 362-68 (2006); *see also Lumenite Control Tech., Inc. v. Jarvis*, 252 F. Supp. 2d 700, 703 (N.D. Ill. 2003). Defendant has not asserted any defense to the Trustees' equitable action, nor is any available to her under the facts of this case. Plaintiffs are entitled to summary judgment for the $20,000 erroneously paid to defendant.

## **Conclusion**

For the reasons set forth herein, plaintiffs' motion for summary judgment (docket # 15) will be granted, and judgment will be entered in plaintiffs' favor against defendant in the amount of $20,000.


Dated:  February 5, 2009            /s/  Joseph G. Scoville
                                    United States Magistrate Judge